IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY EUGENE LARSON,

    Plaintiff,                    No. CIV S-07-1043 FCD JFM P

    vs.

COUNSELOR PATTON, et al.,        ORDER and

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        On July 25, 2007, findings and recommendations issued recommending this action be dismissed for plaintiff's failure to pay the filing fee or provide an affidavit to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On July 26, 2007, plaintiff's application was filed; on August 8, 2007, plaintiff filed objections. Good cause appearing, the findings and recommendations will be vacated.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C.

§ 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, _ U.S. _, 2007 WL 1461066, slip op. at 8 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'""

Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197 (June 4, 2007) (quoting Bell, slip op. at 7-8, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

      Plaintiff contends that his constitutional rights have been violated by defendants' refusal to reassign plaintiff from building porter to clerical work. Plaintiff claims he was previously a clerical worker making 32 cents per hour, but that he was reassigned to a porter position for the last five years with no pay.

      Inmates have no constitutional right to work. Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 845 (9th Cir.1985). It is well established that a prisoner's expectation of keeping a specific prison job, or any job, does not implicate a property or liberty interest under the Fourteenth Amendment. James v. Quinlan, 866 F.2d 627, 630 (3rd Cir.), cert denied, 493 U.S. 870, 110 S.Ct. 197, 107 (1989). See also Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir.1989) (no constitutional right to continuation in work release program to implicate property interest under Fourteenth Amendment); Flittie v. Solem, 827 F.2d 276, 279 (8th Cir.1987) (inmates have no constitutional right to be assigned a particular job); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir.1986) (Constitution does not create a property interest in prison employment); Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir.1986) (inmates have no constitutional right to participate in prison work programs).

      Since plaintiff does not have a constitutional right to a prison job, much less to a particular job, he is not entitled to due process procedural protections prior to being deprived of his work, nor is he constitutionally entitled to any back wages for the loss of that job or to

/////

/////

/////

reinstatement in his old position.  Plaintiff fails to state a constitutional claim as to these job-related claims.  Thus, his claims against defendants must be dismissed.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. The July 25, 2007 findings and recommendations are vacated.

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 5, 2007.

UNITED STATES MAGISTRATE JUDGE

001; lars1043.56

---

[1] "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")  All of the claims raised herein are prison job-related; thus, amendment would be futile.